COLUMBUS BAR ASSOCIATION v. TORIAN.

[Cite as *Columbus Bar Assn. v. Torian,*
106 Ohio St.3d 14, 2005-Ohio-3216.]

(No. 2004–2077—Submitted February 16, 2005—Decided July 13, 2005.)

---

**Per Curiam.**

{¶ 1} Respondent, Mary Ann Torian of Columbus, Ohio, Attorney Registration No. 0043641, was admitted to the Ohio bar in 1989.

{¶ 2} On April 30, 2004, relator, Columbus Bar Association, filed an amended complaint alleging that respondent had committed multiple violations of the Code of Professional Responsibility. Respondent was served with the complaint but did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of misconduct and a recommendation, all of which the board adopted.

## Misconduct

### Count One

{¶ 3} In June 2002, David A. Taulker, who was then incarcerated, retained respondent to help him seek early release on parole. Respondent agreed to represent Taulker for a fee of $7,500. Over the course of several months, Taulker paid respondent at least $5,350 toward the total fee.

{¶ 4} At her deposition during relator's investigation of Taulker's grievance, respondent claimed that she had met on his behalf with a hearing officer from the Ohio Adult Parole Authority in December 2002 and presented a memorandum to him about Taulker's parole eligibility. Aside from a brief reference to a meeting on respondent's calendar, however, respondent could not produce any documentation to support her claim. Respondent appears to have taken no further action on Taulker's case.

{¶ 5} The board found that respondent had thereby violated DR 1–102(A)(6) (barring conduct that adversely reflects on an attorney's fitness to practice law) and 6–101(A)(3) (barring an attorney from neglecting an entrusted legal matter).

### Count Two

{¶ 6} The relator sent two letters to respondent in March 2003 asking her to respond to Taulker's grievance, but respondent did not reply for over six months. Relator also subpoenaed respondent in September 2003, directing her to bring documents to and appear for her deposition. Respondent appeared for her deposition but did not provide all of the documents requested in the subpoena.

{¶ 7} The board found that respondent had thereby violated DR 1–102(A)(6) and Gov.Bar R. V(4)(G) (requiring attorneys to cooperate with and assist in any disciplinary investigation).

### Count Three

{¶ 8} At her deposition, respondent acknowledged that she had allowed her professional-liability insurance to lapse in August 2002, a fact that she claimed to

have only recently realized. She also conceded at the deposition that she had not advised any of her clients in writing about her lack of professional-liability insurance.

{¶ 9} The board found that respondent had thereby violated DR 1–104 (requiring an attorney who does not maintain adequate professional-liability insurance to so advise his or her clients in writing).

### Count Four

{¶ 10} In September 2002, Benny Bonanno asked respondent to represent him and file an application for an executive pardon on his behalf. Respondent requested a fee of $7,500, which Bonanno paid in full that same month. Respondent told Bonanno that she would apply for his pardon by December 1, 2002, but failed to do so. Bonanno terminated the representation in February 2003 and asked that respondent deliver his file and a partial refund of $7,000 to him. Respondent never replied, never returned the file or the fee, and never revealed her lack of malpractice insurance.

{¶ 11} The board found that respondent had thereby violated DR 1–102(A)(5) (barring conduct prejudicial to the administration of justice), 1–102(A)(6), 1–104, 2–106(A) (prohibiting an illegal or clearly excessive fee), 6–101(A)(3), 7–101(A)(1) (requiring an attorney to seek the lawful objectives of a client through reasonable means), 7–101(A)(2) (requiring a lawyer to carry out a contract of employment), and 9–102(B)(4) (requiring prompt payment of the client's funds or other property in the lawyer's possession). Moreover, because respondent had ignored relator's investigative inquiries about Bonanno's grievance, the board found a violation of Gov.Bar R. V(4)(G).

### Count Five

{¶ 12} In May 1999, Merle and Karen Lawson met with respondent to discuss postconviction remedies available to their daughter, Melissa Grasa, who was incarcerated. Respondent advised the Lawsons that she could file an application for commutation with the Ohio Parole Board on Grasa's behalf, and she requested a $7,500 retainer, which the Lawsons paid.

{¶ 13} Respondent gathered documents from Grasa and others over the course of several months but never filed the application as she had promised. During an 18–month period in 2000 and 2001, the Lawsons tried repeatedly and without success to speak with respondent by telephone about their daughter's case. The respondent finally agreed to meet with them in July 2002, and at that meeting, she again promised to file the commutation application. She never did so. The Lawsons terminated the representation in March 2003 and asked that respondent account for the $7,500 they had paid her and refund the unearned portion.

Respondent never replied, never returned the Grasa case file or the fee, and never revealed the lapse of her malpractice insurance.

{¶ 14} The board found that respondent had thereby violated DR 1–102(A)(5), 1–102(A)(6), 1–104, 2–106(A), 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), and 9–102(B)(4). The board found a third violation of Gov.Bar R. V(4)(G) because respondent had also ignored relator's investigative inquiries about the Grasa grievance.

## Sanction

{¶ 15} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). As aggravating factors, the board found that respondent had committed a pattern of misconduct and multiple offenses, had not cooperated, had refused to acknowledge her wrongdoing, had harmed vulnerable victims, and had failed to make restitution. BCGD Proc.Reg. 10(B)(1)(c), (d), (e), (g), (h), and (i). The board cited several mitigating factors, including the absence of any prior disciplinary record, the occurrence of a serious illness and two deaths in respondent's family during a short period of time, and respondent's efforts to seek help for her emotional distress through her church. BCGD Proc.Reg. 10(B)(2)(a).

{¶ 16} Relator recommended that respondent's license to practice law be indefinitely suspended for her misconduct. The master commissioner and the board accepted this recommendation.

{¶ 17} We agree that respondent violated all of the provisions cited in the board's report, and we also agree that an indefinite suspension is appropriate. As we have consistently held, neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension from the practice of law. *Disciplinary Counsel v. Treneff*, 104 Ohio St.3d 336, 2004-Ohio-6562, 819 N.E.2d 695, ¶ 16. And the act of accepting retainers or legal fees and failing to carry out contracts of employment is tantamount to theft of the fee from the client. *Columbus Bar Assn. v. Moushey*, 104 Ohio St.3d 427, 2004-Ohio-6897, 819 N.E.2d 1112, ¶ 16. Respondent's misconduct reflects poorly on the legal profession and caused harm to the clients whose legal matters she neglected.

{¶ 18} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Moreover, upon any petition for reinstatement she files, respondent shall be required to show, in addition to the requirements of Gov.Bar

R. V(10), that she has made full restitution to the clients in Counts I, IV and V. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Bruce A. Campbell, Jill M. Snitcher McQuain, and John K. McManus, for relator.