COLUMBUS BAR ASSOCIATION v. MOESLE.

[Cite as *Columbus Bar Assn. v. Moesle,*
106 Ohio St.3d 475, 2005-Ohio-5517.]

(No. 2005–0798—Submitted June 15, 2005—Decided November 2, 2005.)

---

**Per Curiam.**

{¶ 1} Respondent, Eric J. Moesle, of Columbus, Ohio, Attorney Registration No. 0063653, was admitted to the practice of law in Ohio in 1994.

{¶ 2} On August 9, 2004, relator, Columbus Bar Association, charged respondent with two counts of professional misconduct. Respondent was served with

the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F).

{¶ 3} A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion as to the first count; however, he found that relator had not sufficiently authenticated the evidence in support of the second count as required by *Dayton Bar Assn. v. Sebree*, 104 Ohio St.3d 448, 2004-Ohio-6560, 820 N.E.2d 318. Accordingly, the master commissioner made findings of misconduct and a recommendation as to Count One, which the board adopted.

## Misconduct

{¶ 4} In April 2002, respondent accepted a $935 retainer, including filing fees, to assist a client in terminating her marriage. Respondent filed a divorce complaint in June 2002 on his client's behalf. He later apparently represented to his client that, due to her pregnancy, he had continued a hearing on various temporary orders. The court docket in the case, however, does not reflect any continuance. Moreover, in December 2002, respondent told his client that her husband had failed to comply with an ordered paternity test and that a warrant had been issued for the husband's arrest. The client later learned that respondent had lied about the order and the arrest warrant.

{¶ 5} Early in 2003, respondent failed to return his client's many telephone calls regarding the status of her case. Although the client did not know it, respondent had actually voluntarily dismissed her case. Respondent also did not return his client's retainer as requested.

{¶ 6} From this evidence, the board found respondent in violation of DR 1–102(A)(4) (barring conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(5) (barring conduct prejudicial to the administration of justice), 1–102(A)(6) (barring conduct adversely reflecting on a lawyer's fitness to practice law), 2–106(A) (barring a lawyer from seeking or collecting an illegal or clearly excessive fee), 6–101(A)(3) (barring the neglect of an entrusted legal matter), 7–101(A)(1) (prohibiting a lawyer from intentionally failing to seek a client's lawful objectives), 7–101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of employment), 7–101(A)(3) (prohibiting a lawyer from causing a client damage or prejudice during representation), and 9–102(B)(4) (requiring a lawyer to promptly return funds or property to which the client is entitled). Moreover, because respondent failed to respond to four letters of inquiry sent by certified or regular mail, the board found respondent in violation of Gov.Bar R. V(4)(G) (requiring lawyers to cooperate in disciplinary proceedings).

{¶ 7} We adopt these findings of misconduct. We also adopt the finding that Count Two was not proved to the extent required by Gov.Bar R. V(6)(F) and

*Sebree,* supra. Count Two of the complaint is therefore dismissed without prejudice.

## Sanction

{¶ 8} In recommending a sanction for this misconduct, the board reviewed the aggravating and mitigating factors in respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board found nothing mitigating in the evidence. The board found respondent's failure to cooperate, his refusal to acknowledge wrongdoing, and the harm he had caused to a vulnerable client to be aggravating factors. See BCGD Proc.Reg. 10(e), (g), and (h). The board recommended, consistent with the master commissioner's report, that respondent be indefinitely suspended from the practice of law.

{¶ 9} Having found that respondent violated DR 1–102(A)(4), 1–102(A)(5), 1–102(A)(6), 2–106(A), 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), 7–101(A)(3), and 9–102(B)(4), we also accept the sanction recommended by the board. See *Columbus Bar Assn. v. Torian,* 106 Ohio St.3d 14, 2005-Ohio-3216, 829 N.E.2d 1210 (neglect of legal matters combined with other misconduct and the failure to cooperate in an ensuing disciplinary investigation warrants an indefinite suspension).

{¶ 10} Respondent is therefore hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

**LUNDBERG STRATTON, J., concurring.**

{¶ 11} I write separately to explain my concurrence in the majority's opinion. Normally, one incident giving rise to the charges in this complaint would not have warranted an indefinite suspension. But when a respondent fails to respond to the complaint, he leaves us little choice, as his conduct demonstrates a flagrant disregard for the disciplinary process. Therefore, I concur in the indefinite suspension.

Bruce A. Campbell, Bar Counsel, and Jill M. Snitcher McQuain, Assistant Bar Counsel; Schottenstein, Zox & Dunn and Bridgette C. Roman, for relator.