## TOLEDO BAR ASSOCIATION v. VAN HORN.

### [Cite as *Toledo Bar Assn. v. Van Horn,* 113 Ohio St.3d 45, 2007-Ohio-978.]

(No. 2006–1900—Submitted November 29, 2006—Decided March 21, 2007.)

**Per Curiam.**

{¶ 1} Respondent, Darrell Van Horn of Maumee, Ohio, Attorney Registration No. 0018511, was admitted to the practice of law in Ohio in 1972.

{¶ 2} On December 7, 2005, relator, Toledo Bar Association, charged respondent in an amended complaint with three counts of professional misconduct. Respondent was served the complaint, but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of fact, conclusions of law, and a recommendation, which the board adopted.

### Misconduct

#### *Counts I and II—Dyer–White*

{¶ 3} Meicha Dyer–White retained respondent to file a personal injury claim against Toledo Hospital. Respondent accepted the case on a contingent-fee basis and filed suit against the hospital on February 3, 2003. On June 4, 2003, Toledo Hospital filed a motion for summary judgment, alleging that Dyer–White had failed to respond to its requests for admissions. Respondent responded to the motion, asserting that neither he nor his client had received them.

{¶ 4} On August 20, 2003, the trial court granted Dyer–White until September 5, 2003, to respond to the requests for admission and until September 15, 2003, to reply to the motion for summary judgment. Respondent, however, did not respond to either the discovery request or the motion, and pursuant to Civ.R. 36(A), the trial court deemed the failure to respond to the requests for admissions to be admissions ("The matter is admitted unless * * * the party to whom the request is directed serves upon the party requesting the admission a written answer * * *"). On October 27, 2003, the trial court also granted summary judgment in favor of Toledo Hospital, citing Dyer–White's admissions that she did not sustain any injury while at the hospital, that none of the hospital's personnel had been negligent, and that Dyer–White did not seek treatment for any injury allegedly sustained at the hospital.

{¶ 5} On November 26, 2003, respondent appealed the order granting summary judgment, but he never filed the required assignments of error or a brief in support of the appeal. On March 26, 2004, after having granted two extensions for filing a brief, the appellate court dismissed Dyer–White's appeal.

{¶ 6} Because of his failure to respond to the requests for admissions and the motion for summary judgment, as charged in Count I, the master commissioner and board found respondent in violation of DR 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter) and 7–101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of professional employment). Because respondent failed to file a brief for Dyer–White's appeal, as charged in Count II, the master commissioner and board found that respondent had again violated DR 6–101(A)(3) and 7–101(A)(2).

### Count III—Braun

{¶ 7} Linda Braun hired respondent to pursue damages for injuries that her minor daughter had sustained in August and September 2000 from three separate automobile accidents. Respondent entered into a contingent-fee arrangement with Braun and filed suit on June 20, 2003, but he did not keep Braun apprised of progress in the case. He also failed to respond to the defendants' motions for summary judgment and to dismiss, and he failed to appear at the motion hearing, leading the common pleas court to dismiss the cause. Respondent later promised his client that he would take steps to have the dismissal order set aside, but he never did.

{¶ 8} Braun filed a grievance with relator, and relator sent a letter of inquiry to respondent on February 1, 2005, asking for a response within the succeeding two weeks. Respondent did not reply. In March and July 2005, relator sent more letters of inquiry, but respondent did not respond to the letters or return telephone calls. In November 2005, relator sent to respondent a notice of intent

to amend the complaint, advising that he could respond or request a hearing within seven days. Still, respondent did not reply.

{¶ 9} For his failures to pursue the Braun case as promised and to respond during relator's investigation, the master commissioner and board found respondent in violation of DR 6–101(A)(3) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation).

## Recommended Sanction

{¶ 10} In recommending a sanction for this misconduct, the master commissioner and board weighed the aggravating and mitigating factors of respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 11} Adopting the master commissioner's report, the board found that respondent had engaged in a pattern of misconduct, including neglect and failing to provide promised services, and had committed multiple offenses, aggravating factors under BCGD Proc.Reg. 10(B)(1)(c) and (d). Respondent had also failed to cooperate in the disciplinary process and had caused seriously injured clients to forgo any reparations for their injuries, aggravating factors under BCGD Proc. Reg. 10(B)(1)(e) and (h). In mitigation, the board did not find that respondent had acted dishonestly. BCGD Proc.Reg. 10(B)(2)(b).

{¶ 12} The master commissioner recommended, on relator's suggestion, that respondent be indefinitely suspended from the practice of law. The board adopted that recommendation.

{¶ 13} Upon review, we agree that respondent violated DR 6–101(A)(3) and 7–101(A)(2) and Gov.Bar R. V(4)(G), as found by the board. Because neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension from the practice of law, *Columbus Bar Assn. v. Torian*, 106 Ohio St.3d 14, 2005-Ohio-3216, 829 N.E.2d 1210, ¶ 17, we further agree that the recommended sanction is appropriate.

{¶ 14} Respondent is therefore indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

LANZINGER and CUPP, JJ., not participating.

David G. Grude, Myron C. Duhart, and Jonathan B. Cherry, Bar Counsel, for relator.