DAYTON BAR ASSOCIATION *v*. WILSON, A.K.A. CAMP.

[Cite as *Dayton Bar Assn. v. Wilson*, 127 Ohio St.3d 10, 2010-Ohio-4937.]

*Attorneys at law — Misconduct — Restitution ordered — Indefinite license suspension.*

(No. 2010-0717 — Submitted June 9, 2010 — Decided October 14, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-029.

————————————

**Per Curiam**.

{¶ 1} In June 2009, relator, Dayton Bar Association, filed a three-count amended complaint charging respondent, Y. Nicole Wilson, Attorney Registration No. 0075975, whose last known address is in Dayton, Ohio, with multiple violations of the Ohio Rules of Professional Conduct and Gov.Bar R. V(4)(G). We note, however, that this attorney number is registered to Y. Nicole Camp, who was admitted to the practice of law in 2003 under the name Yvonne Nicole Wilson. We conclude that Y. Nicole Wilson and Y. Nicole Camp are the same person because (1) the complaint bears the attorney registration number of Y. Nicole Camp, (2) relator has submitted affidavits from two grievants stating that Y. Nicole Wilson is also known as Y. Nicole Camp, (3) on February 4, 2008, Yvonne Nicole Wilson filed a change of name with the Office of Attorney Services, stating that she had changed her name to Y. Nicole Camp, and (4) the addresses on file with Attorney Services match those used by relator in its efforts to obtain service on respondent.

{¶ 2} Relator's three-count amended complaint charged respondent with issuing a bad trust-account check to a client after agreeing to refund his retainer, failing to act with reasonable diligence or to provide competent representation in

two other client matters, and failing to cooperate in the resulting disciplinary investigations.

{¶ 3} Although the board attempted to serve relator's amended complaint on respondent via certified mail at her last known home and business addresses, the documents were returned by the postal service as undeliverable. On July 22, 2009, the Clerk of the Supreme Court of Ohio accepted service on respondent's behalf in accordance with Gov.Bar R. V(11)(B). Because respondent failed to file an answer, relator moved for default pursuant to Gov.Bar R. V(6)(F). And on November 3, 2009, we suspended respondent's license to practice law for her failure to register for the 2009/2011 biennium.

{¶ 4} The board referred the matter to a master commissioner, who prepared a report for the board's review. The board adopted the master commissioner's findings of fact, conclusions of law, and recommendation that we indefinitely suspend respondent from the practice of law, rejecting relator's recommended sanction of permanent disbarment.

{¶ 5} We agree that respondent committed professional misconduct as found by the board and that her conduct warrants an indefinite suspension.

**Misconduct**

*Count I*

{¶ 6} With respect to Count I, the board found that respondent had informed relator that she would refund the retainer to a grievant who was dissatisfied with her representation in a bankruptcy proceeding. However, the bank returned for insufficient funds the $450 check she had issued to the client from her trust account. Respondent failed to respond to relator's repeated requests for a meeting to discuss the returned check and failed to honor a request that she appear before a scheduled meeting of the grievance committee.

{¶ 7} Based upon these findings, the board found that respondent had violated Prof.Cond.R. 1.15 (a) (requiring a lawyer to hold property of clients in a

trust account separate from the lawyer's personal funds and maintain a record of the funds held for each client), 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority), and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation). But concluding that the record did not support relator's allegation that respondent had violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), the board recommends dismissal of that alleged violation.

{¶ 8} We agree that respondent's conduct in issuing a client refund check from her trust account that was returned by the bank for insufficient funds clearly and convincingly demonstrates that respondent failed to maintain accurate records of those funds and that she failed to promptly deliver funds that the client was entitled to receive. We also agree that by failing to respond to relator's repeated attempts to communicate with her about this grievance and failing to file an answer in this disciplinary proceeding, respondent has violated Prof.Cond.R. 8.1(b) and Gov.Bar R. V(4)(G). But because there is no evidence in the record to demonstrate that the overdraft of respondent's trust account was the result of dishonesty, fraud, deceit, or misrepresentation, rather than an honest accounting mistake, we accept the board's recommendation to dismiss the alleged violation of Prof.Cond.R. 8.4(c).

*Count II*

{¶ 9} Count II arises from respondent's agreement to represent a husband and wife in a custody matter involving their grandson. Respondent did not respond to relator's repeated attempts to obtain information regarding this grievance. Based upon these factual findings, the board concluded that respondent's failure to respond to relator's attempts to inquire about this grievance violated Prof.Cond.R. 8.1(b) and Gov.Bar R. V(4)(G). But because

relator failed to submit sworn or certified evidence from the grievants, in accordance with our decision in *Dayton Bar Assn. v. Sebree*, 104 Ohio St.3d 448, 2004-Ohio-6560, 820 N.E.2d 318, the board recommends that we dismiss the alleged violations of Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client) and 1.3 (requiring a lawyer to act with reasonable diligence in representing a client).

{¶ 10} We accept the board's findings of fact, agree that respondent's conduct violated Prof.Cond.R. 8.1(b) and Gov.Bar R. V(4)(G), and dismiss the alleged violations of Prof.Cond.R. 1.1 and 1.3 set forth in Count II of the amended complaint as unsupported by the evidence.

*Count III*

{¶ 11} Count III involves a grievance filed by another husband and wife who had retained respondent to file a Chapter 7 bankruptcy. Although respondent commenced the clients' bankruptcy proceeding, the board found that she had failed to stop the improper garnishment of the husband's paycheck. And when the clients sent respondent documents that she had instructed them to obtain, the envelope was returned by the post office marked "undeliverable." Based upon these findings, the board concluded that respondent had violated Prof.Cond.R. 1.1 and 1.3. We accept these findings of fact and misconduct.

{¶ 12} The board also found that "Relator's investigator has attempted to contact Respondent regarding this grievance on two occasions, but the first attempt to contact her was returned as 'not deliverable as addressed' and Respondent has failed to respond to the second request." While relator alleges these facts in its complaint, the affidavits submitted by relator do not mention these specific attempts to communicate with respondent. Therefore, we reject these findings.

{¶ 13} Nonetheless, because we find that the record contains clear and convincing evidence that respondent has not responded to relator's repeated

attempts to obtain information regarding this grievance and has not filed an answer in this proceeding, we accept the board's findings that respondent has violated Prof.Cond.R. 8.1(b) and Gov.Bar R. V(4)(G) with regard to this count.

**Sanction**

**{¶ 14}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 15}** Respondent has breached her duties to her clients by failing to maintain accurate records of the funds held in her client trust account, failing to promptly deliver funds that a client was entitled to receive, and failing to provide diligent and competent legal representation to another client. Moreover, she has breached her duty to the public and legal profession by failing to participate in the disciplinary process.

**{¶ 16}** The master commissioner and board found that at least five of the nine aggravating factors set forth in BCGD Proc.Reg. 10(B)(1) are present, including (1) a pattern of misconduct, (2) multiple offenses, (3) lack of cooperation in the disciplinary process, (4) refusal to acknowledge the wrongful nature of her conduct, and (5) failure to make restitution. BCGD Proc.Reg. 10(B)(1)(c), (d), (e), (g), and (i). In mitigation, the board found only that respondent has no prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a).

**{¶ 17}** Based upon these findings, the master commissioner recommended that respondent's law license be indefinitely suspended. The board adopted this recommendation.

**{¶ 18}** An indefinite suspension is an appropriate sanction for a lawyer who has violated the standards of professional competence, diligence, and integrity by failing to maintain accurate records of the funds held in her client trust account, failing to promptly deliver funds that a client was entitled to receive, failing to provide diligent and competent legal representation to her clients, and failing to cooperate in the resulting disciplinary investigation. See *Columbus Bar Assn. v. Torian*, 106 Ohio St.3d 14, 2005-Ohio-3216, 829 N.E.2d 1210, at ¶ 17 ("As we have consistently held, neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension from the practice of law"); *Cleveland Bar Assn. v. Verbiski* (1999), 86 Ohio St.3d 627, 628, 716 N.E.2d 702 (indefinitely suspending an attorney for neglecting legal matters, including failure to perfect service of a divorce complaint, failing to timely refund the client's retainer, and failing to cooperate in the resulting disciplinary investigation).

**{¶ 19}** Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable conduct, we adopt the board's recommended sanction of an indefinite suspension. Accordingly, Y. Nicole Wilson, also known as Y. Nicole Camp, is indefinitely suspended from the practice of law in the state of Ohio. A condition of any possible reinstatement is the payment of restitution of $450 to the client in Count I, with interest at the statutory rate from the date of suspension. Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Richard L. Carr Jr., for relator.

_____