DISCIPLINARY COUNSEL *v*. RANKE.

[Cite as *Disciplinary Counsel v. Ranke,* 130 Ohio St.3d 139, 2011-Ohio-4730.]

*Attorneys—Misconduct—Failure to properly maintain client trust account— Failure to file appellate brief—Failure to cooperate—Prior disciplinary infraction—Indefinite suspension.*

(No. 2011-0379—Submitted April 19, 2011—Decided September 22, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-053.

_____

**Per Curiam.**

{¶ 1} Respondent, Carolyn Kaye Ranke of Cleveland, Ohio, Attorney Registration No. 0043735, was admitted to the practice of law in Ohio in 1989. On October 21, 2010, we publicly reprimanded her for neglect of an entrusted legal matter. *Cleveland Metro. Bar Assn. v. Ranke*, 127 Ohio St.3d 126, 2010-Ohio-5036, 937 N.E.2d 84.

{¶ 2} On June 14, 2010, relator, Disciplinary Counsel, filed a complaint charging respondent with three counts of misconduct involving violations of the Ohio Rules of Professional Conduct and the Supreme Court Rules for the Government of the Bar. The complaint alleged that respondent had improperly maintained her client trust account, failed to file an appellate brief on behalf of a client, and failed to cooperate in the ensuing disciplinary investigation.

{¶ 3} Respondent was served by certified mail with a copy of the complaint, but did not file an answer or otherwise respond. Relator filed a motion for default judgment on November 30, 2010, pursuant to Gov.Bar R. V(6)(F), supported by an affidavit from an assistant disciplinary counsel.

**{¶ 4}** The Board of Commissioners on Grievances and Discipline appointed a master commissioner, who considered the motion for default and prepared a report containing findings of fact and conclusions of law and recommending that respondent be indefinitely suspended from the practice of law. The board adopted the master commissioner's report in its entirety. We agree that respondent has committed professional misconduct as found by the master commissioner and the board and that an indefinite suspension is warranted.

## Misconduct

### Count One

**{¶ 5}** Respondent has maintained a client trust ("IOLTA") account at FirstMerit Bank since 1999. She is the only authorized user of the account. In October 2008, respondent deposited $10,000 that belonged to a client, Christopher Jerry, into her IOLTA account and agreed to use the money to pay the client's bills for him at no charge. She wrote six checks on his behalf totaling $9,483.75. Relator alleged that respondent stopped representing Jerry in July 2009, but did not return the remaining $516.25 to him.

**{¶ 6}** In June 2009, respondent advanced $1,000 from her IOLTA account to client Shanese McClain. None of the funds belonged to McClain when respondent made the advance.

**{¶ 7}** FirstMerit Bank notified relator in July 2009 that respondent's IOLTA account was overdrawn. Relator then sent respondent a letter of inquiry with a copy of the overdraft notice. Respondent did not reply. When respondent did not respond to a second letter of inquiry, relator sent a subpoena duces tecum to respondent, requiring her to appear and testify about the overdraft and to bring copies of her client ledgers and IOLTA account statements. Respondent did not appear and did not advise relator that she would not appear.

**{¶ 8}** Relator sent a second subpoena. This time, respondent appeared for her deposition on September 24, 2009, but failed to bring the required documents.

2

Eventually, in response to its subpoena, relator received copies of respondent's IOLTA account records for August 2008, through January 2010, that substantiated misuse of the account.

{¶ 9} The master commissioner found by clear and convincing evidence, and the board agreed, that with regard to Count One, respondent had violated Prof.Cond.R. 1.8(e) (prohibiting a lawyer from providing financial assistance to a client for expenses other than court or litigation costs), 1.15(a)(2) (requiring a lawyer to maintain a record for each client on whose behalf funds are held), 1.15(a)(5) (requiring a lawyer to perform and retain a monthly reconciliation of trust account funds), and 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive).

{¶ 10} We agree that respondent's misconduct as alleged in Count One violated the above Rules of Professional Conduct, with the exception of Prof.Cond.R. 1.15(d). There is insufficient evidence in the record that respondent had ceased representing Jerry in July 2009 or that Jerry was entitled to receive the remaining funds from his initial deposit. Therefore, we dismiss the violation of Prof.Cond.R. 1.15(d) because it is not supported by clear and convincing evidence.

*Count Two*

{¶ 11} In January 2009, respondent filed a notice of appearance in the Eighth District Court of Appeals on behalf of Tierra Wilson, who was appealing her criminal conviction. The court granted respondent four extensions of time but respondent never filed Wilson's brief. The court finally dismissed Wilson's appeal for respondent's failure to file a brief. Wilson wrote to respondent on several occasions asking about the progress of her appeal. Respondent did not respond to Wilson's letters and did not tell her that her criminal appeal had been dismissed.

**{¶ 12}** In October 2009, relator sent respondent a letter of inquiry with a copy of a grievance that relator had received from Wilson. Respondent did not reply. Relator sent respondent a second letter of inquiry in November 2009 and a third in February 2010, each by certified mail. Respondent did not respond to the letters.

**{¶ 13}** The master commissioner found by clear and convincing evidence, and the board agreed, that respondent had violated Prof.Cond.R. 1.2(a) (requiring a lawyer to abide by a client's decisions regarding the objectives of the representation), 1.3 (requiring a lawyer to act with reasonable diligence and promptness in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a legal matter), 8.4(d) (prohibiting conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting conduct that adversely reflects on the lawyer's fitness to practice law).

**{¶ 14}** We agree that respondent's misconduct as alleged in Count Two violated the above rules.

*Count Three*

**{¶ 15}** Despite repeated efforts to contact respondent regarding the allegations in Counts One and Two of the complaint, respondent failed to cooperate with relator's investigation in either matter. The master commissioner found by clear and convincing evidence, and the board agreed, that respondent had violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information from a disciplinary authority) and Gov.Bar R. V(4)(G) (failing to cooperate with a disciplinary investigation).

**{¶ 16}** We agree that respondent's misconduct as alleged in Count Three violated the above rules.

**Aggravation and Mitigation**

**{¶ 17}** Section 10 of the Rules and Regulations Governing Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline

("BCGD Proc.Reg.") sets forth guidelines for imposing sanctions on a lawyer, including the aggravating and mitigating factors that are to be considered. The master commissioner found that there were no mitigating factors in this case. The master commissioner found the following factors to be aggravating: respondent's multiple offenses, lack of cooperation in the disciplinary process, refusal to acknowledge the wrongful nature of her conduct, and the vulnerability of and resulting harm to the victims, BCGD Proc.Reg. 10(B)(1)(d), (e), (g), and (h), as well as the prior disciplinary offense for which she was given a public reprimand. BCGD Proc.Reg. 10(B)(1)(a).

**Sanction**

{¶ 18} The master commissioner recommended that respondent be indefinitely suspended from the practice of law. In support of this recommendation, the master commissioner relied on similar cases in which this court imposed an indefinite suspension on an attorney. In *Akron Bar Assn. v. Goodlet*, 115 Ohio St.3d 7, 2007-Ohio-4271, 873 N.E.2d 815, we indefinitely suspended the respondent for neglecting his duty to pursue his clients' claims, for engaging in conduct prejudicial to the administration of justice, and for failing to cooperate in the disciplinary process. Like the respondent in this case, Goodlet also had a prior disciplinary record.

{¶ 19} In *Columbus Bar Assn. v. Emerson* (1999), 84 Ohio St.3d 375, 704 N.E.2d 238, the respondent had engaged in neglect and misrepresentation in five cases and failed to cooperate in the disciplinary investigation. He was indefinitely suspended from the practice of law.

{¶ 20} In *Cleveland Bar Assn. v. Davis*, 121 Ohio St.3d 337, 2009-Ohio-764, 904 N.E.2d 517, we indefinitely suspended the respondent for multiple instances of neglect and misconduct and for failure to cooperate in the disciplinary process. And in *Dayton Bar Assn. v. Wilson*, 127 Ohio St.3d 10, 2010-Ohio-4937, 935 N.E.2d 841, the respondent was indefinitely suspended

from the practice of law as a result of her failure to maintain accurate records of the funds in her client trust account, failure to promptly deliver funds to a client, failure to diligently represent her client, and failure to cooperate with the relator's investigation.

{¶ 21} In the instant case, the board adopted the sanction as recommended by the master commissioner. We accept the board's recommendation and order that respondent be suspended from the practice of law indefinitely. Costs taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Philip A. King, Assistant Disciplinary Counsel, for relator.

_____