[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 239.]

CUYAHOGA COUNTY BAR ASSOCIATION *v.* SAYLER.

[Cite as *Cuyahoga Cty. Bar Assn. v. Sayler*, 2002-Ohio-5936.]

*Attorneys at law—Misconduct—Six-month suspension with entire suspension stayed on condition that no additional violations of Disciplinary Rules are committed—Failing to keep clients' funds in an identifiable bank account—Failing to account appropriately for clients' funds.*

(No. 2002-1128—Submitted August 27, 2002—Decided November 13, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-49.

_____

**Per Curiam.**

{¶1} We are asked in this case to decide the sanction for an attorney who failed to keep his clients' funds in an identifiable bank account and also failed to appropriately account for those funds. The Board of Commissioners on Grievances and Discipline found that respondent, John L. Sayler of Lakewood, Ohio, Attorney Registration No. 0025452, committed this misconduct in violation of DR 9-102(A) (failure to maintain client's funds, other than advances for costs and expenses, in an identifiable bank account) and (B)(3) (failure to maintain complete records of client's funds in attorney's possession). The board recommended that respondent be suspended from the practice of law in Ohio for a period of six months but that mitigating circumstances warrant a stay of this suspension. We agree with the board.

{¶2} In March 1994, a married couple granted respondent a power of attorney, giving him authority over their financial affairs. Respondent thereafter took control over $12,407.05 of the couple's funds, but he did not maintain the funds in a bank account separate and identifiable from his own. Respondent also

failed to account for his clients' money. After the husband passed away, respondent returned all of the couple's funds to the widow on or about February 2, 2001.

{¶3} Relator, Cuyahoga County Bar Association, filed a complaint on June 11, 2001, charging respondent with violations of the Code of Professional Responsibility. A panel of the board heard the cause and, based on the parties' stipulations, found the facts as stated and that respondent had committed the cited misconduct.

{¶4} In recommending a sanction, the panel considered the opinion of respondent's treating psychiatrist, who reported that respondent suffered from severe depression during the events at issue. According to his doctor, respondent's condition caused him to be completely unable to recall what happened to his clients' funds, including whether he had misplaced or mismanaged their money. Notwithstanding this, the doctor indicated that respondent had been active in treating his illness for the last six or seven years and that he is now successfully controlling it through medication. The doctor saw no residual impediment to respondent's current ability to responsibly engage in his law practice.

{¶5} Based on this evidence and respondent's remorse, the panel recommended that respondent be suspended from the practice of law for six months but that the entire suspension be stayed. The board adopted the panel's findings of misconduct and recommendation.

{¶6} We also find that respondent violated DR 9-102(A) and (B)(3) and that a stayed six-month suspension is appropriate in view of respondent's illness, single count of misconduct, contrition, restitution, cooperation, and the lack of a prior history of discipline. Accordingly, respondent is hereby suspended from the practice of law in Ohio for a period of six months; however, the entire suspension is stayed on the condition that respondent refrain from committing any additional violations of the Disciplinary Rules. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Robert Steely and Mildred K. Schad, for relator.

John L. Sayler, pro se.

————————————