[Cite as *Cleveland Bar Assn. v. Davis*, 121 Ohio St.3d 337, 2009-Ohio-764.]

CLEVELAND BAR ASSOCIATION *v*. DAVIS.

[Cite as *Cleveland Bar Assn. v. Davis*, 121 Ohio St.3d 337, 2009-Ohio-764.]

*Attorneys at law — Misconduct — Default — Multiple violations of rules governing the practice of law — Indefinite license suspension.*

(No. 2008-1774 — Submitted November 19, 2008 — Decided March 18, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-004.

_____

**Per Curiam.**

{¶ 1} Respondent, Dwight E. Davis of Cuyahoga County, Ohio, Attorney Registration No. 0029972, was admitted to the practice of law in Ohio in 1977.

{¶ 2} Respondent did not timely register for the 2007-2009 attorney registration biennium and was suspended on December 3, 2007. He was reinstated to the practice of law on February 22, 2008.

{¶ 3} The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license indefinitely based upon the findings that he engaged in conduct that adversely reflects on his fitness to practice law, neglected an entrusted legal matter, intentionally failed to carry out a contract of employment, failed to promptly deliver papers and funds belonging to a client, intentionally failed to seek the lawful objectives of a client, and failed to cooperate in a disciplinary investigation. We agree that respondent committed professional misconduct as found by the board and that an indefinite suspension is appropriate.

**{¶ 4}** Relator, Cleveland Bar Association, charged respondent with 18 counts of professional misconduct.[1] Respondent received notice of the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the board granted the motion, made findings of misconduct, and recommended an indefinite suspension. The board adopted the master commissioner's findings and recommendation.

## Misconduct

### A. *The Jones and Serra Grievance*

**{¶ 5}** In August 2005, Bruce A. Jones and Edward D. Serra retained respondent to file an action to quiet title to a piece of land. Respondent told Jones and Serra that the work could be completed in six months, and Serra paid respondent $1,000 to retain his services. In February 2006, Jones unsuccessfully attempted to contact respondent. In May 2006, Jones and Serra retained new counsel, who informed them that no one had made an attempt to quiet title to the property. On May 22, 2006, Jones and Serra's new counsel requested that respondent refund their $1,000 retainer. Respondent never returned the retainer to Jones or Serra.

### B. *The Scales Grievance*

**{¶ 6}** In May 2006, Alvin W. Scales paid respondent $500 to represent his daughter-in-law, Mercedes Chisolm, in a juvenile court matter. Prior to Chisolm's court date of July 12, 2006, Scales learned that respondent had suffered a stroke and would not be able to represent Chisolm. When Scales spoke with respondent on July 11, 2006, they agreed that respondent would return $400 of

---

1. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Code of Professional Responsibility. Though it may specify both the former and current rule, one allegation comprises but a single ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, fn. 1.

the $500 retainer, with respondent keeping $100 for his initial meeting with Chisolm. Respondent never returned any money to Scales.

### C. *The Seymour Grievance*

**{¶ 7}** In November 2005, Josephine Seymour paid respondent $2,500 to represent her in a matter against her insurance company and in a second matter involving her impounded automobile. Respondent assured Seymour that she had a good case against her insurance company and also told her that he had filed an action for replevin to regain possession of her car. Seymour does not know whether respondent ever did any work on her behalf. When Seymour learned that respondent had suffered a stroke, she attempted to contact him, without success. On October 20, 2006, Seymour sent respondent a certified letter discharging him and asking him to return her files and refund her retainer. When she received no response, she sent a second letter on February 7, 2007. Seymour never received her file or her retainer.

### D. *The Johnson Grievance*

**{¶ 8}** In 2002, Virginia D. Johnson retained attorney Otha Jackson to represent her in a personal injury lawsuit. Upon Jackson's resignation from the practice of law, Johnson's case file was given to respondent. Respondent told Johnson that her case would not proceed until she had completed physical therapy. Upon completing physical therapy in June 2005, Johnson made several attempts to reach respondent. When she was unsuccessful, she made several attempts to recover possession of her file from respondent's office. Respondent has failed to turn over Johnson's file and has not communicated with her about her case.

**{¶ 9}** After filing a grievance with the Cleveland Bar Association, Johnson discovered that a lawsuit had been filed on her behalf in 2002 and had been voluntarily dismissed by respondent on July 5, 2003. Respondent did not inform Johnson that the case had been filed or dismissed.

### E. *Failure to Cooperate*

{¶ 10} Respondent has failed to cooperate in the investigation of the complaints in violation of Gov.Bar R. V(4)(G). Between October 2006 and December 2007, relator sent respondent a series of letters asking for written responses to the claims against him. While the certified letters were all either delivered or returned as undeliverable, none of the letters sent via regular mail were returned as refused, unclaimed, or otherwise undelivered.

{¶ 11} On July 2, 2007, respondent appeared in relator's offices. He informed General Counsel K. Ann Zimmerman that he had suffered a stroke in June 2006, which paralyzed the right side of his body. He said that he intended to refund money to Jones and Scales and that he would work with the other clients to resolve their grievances.

{¶ 12} Despite all of the correspondence that was sent to respondent over a period of months, respondent has never provided a written response, produced his client files, or made any kind of restitution. The board found that respondent's conduct with regard to the grievances described above violated the following provisions of the Code of Professional Responsibility, the Rules of Professional Conduct, and the Rules for the Government of the Bar: DR 1-102(A)(6) (engaging in conduct adversely reflecting on the lawyer's fitness to practice law), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (intentionally failing to seek the lawful objective of his client), 7-101(A)(2) (intentionally failing to carry out a contract of employment), and 9-102(B)(4) (failing to promptly deliver to a client the papers and funds belonging to the client), Prof.Cond.R. 1.4(a)(4) (failing to comply as soon as practicable with reasonable requests for information from the client), 1.15(d) (failing to promptly notify his client upon receiving funds or other property in which the client has an interest), 8.1(b) (in response to a demand for information from an admission or disciplinary authority, failing to disclose a material fact or knowingly failing to respond), and

4

8.4(h) (engaging in conduct adversely reflecting on the lawyer's fitness to practice law), and Gov.Bar R. V(4)(G) (neglecting to assist or testify in an investigation or hearing).

{¶ 13} We agree with the board's findings.

### Sanction

{¶ 14} When imposing sanctions for attorney misconduct, we consider relevant factors, including the duties violated by the lawyer in question and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli,* 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B)(1) and (2) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio 5251, 875 N.E.2d 935, ¶ 21.

{¶ 15} Two mitigating circumstances are present: respondent's previous disciplinary record involved attorney-registration noncompliance only, and he has suffered a stroke. BCGD Proc.Reg. 10(B) (in determining the sanction, the board shall consider all relevant factors). However, we note that while respondent indicated to General Counsel Zimmerman that he had suffered a stroke in June 2006, his failure to cooperate with the investigation prevented the board from determining the extent to which the stroke affected his ability to practice law. We also note that most of the conduct resulting in grievances took place before June 2006.

{¶ 16} At least six of the nine aggravating factors set forth in BCGD Proc.Reg. 10(B)(1) are present here: (c) a pattern of misconduct, (d) multiple offenses, (e) lack of cooperation in the disciplinary process, (g) refusal to acknowledge the wrongful nature of his conduct, (h) the vulnerability and resulting harm to his victims, and (i) failure to make restitution.

**{¶ 17}** A lawyer's neglect of legal matters and failure to cooperate in the ensuing disciplinary investigation generally warrants an indefinite suspension from the practice of law in Ohio. See *Cleveland Bar Assn. v. Verbiski* (1999), 86 Ohio St.3d 627, 628, 716 N.E.2d 702 (lawyer suspended indefinitely for keeping her client's retainer after failing to perfect service in a divorce proceeding). Respondent similarly neglected several of his clients and failed to refund retainers for work he did not perform. His misconduct and failure to cooperate in the disciplinary investigation warrant this sanction.

**{¶ 18}** Respondent is indefinitely suspended from the practice of law in Ohio.

**{¶ 19}** Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

K. Ann Zimmerman and Heather M. Zirke, for relator.

_____