DISCIPLINARY COUNSEL *v.* HOFF.

[Cite as *Disciplinary Counsel v. Hoff*, **124 Ohio St.3d 269, 2010-Ohio-136.**]

*Attorneys at law — Misconduct — Multiple disciplinary violations — Failure to cooperate in disciplinary investigation — Indefinite suspension.*

(No. 2009-1510 — Submitted October 20, 2009 — Decided January 26, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-030.

_____

**Per Curiam**.

{¶ 1} Respondent, George Latham Hoff, last known address in Akron, Ohio, Attorney Registration No. 0030352, was admitted to the practice of law in Ohio in 1985. The Board of Commissioners on Grievances and Discipline recommends that we indefinitely suspend respondent's license to practice, based on findings that he accepted a $5,000 fee to help a client resolve a dispute with federal tax authorities, did nothing for the client, and failed to return the unearned fee. We agree that respondent committed this professional misconduct and that an indefinite suspension of his license to practice is appropriate.

{¶ 2} Relator, Disciplinary Counsel, charged respondent in a one-count complaint with multiple violations of the Disciplinary Rules of the Code of Professional Responsibility and the Rules of Professional Conduct.[1] Service of the complaint could not be completed at respondent's business or residence, however, because he moved during the investigation of the underlying grievance

---

1. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Code of Professional Responsibility. When both the former and current rules are cited for the same act, the allegation constitutes a single ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

without disclosing any new address.[2]   The board thus served respondent with notice of the complaint pursuant to Gov.Bar R. V(11)(B) (when a lawyer conceals his or her location, the Supreme Court clerk is the lawyer's agent for service of legal notices).

{¶ 3}  Respondent did not answer the complaint, and relator moved for default.  A master commissioner appointed by the board granted the motion, making findings of fact, conclusions of law, and a recommendation that respondent be suspended indefinitely from practice.  The board adopted the master commissioner's findings of misconduct and recommendation.

{¶ 4}  No objections have been filed.

### Misconduct

{¶ 5}  A client hired respondent in early May 2006 to help her resolve some federal income tax deficiencies with the Internal Revenue Service ("IRS").  Without explaining his hourly rate, respondent obtained a $5,000 advance from his client.  That June, the client gave respondent copies of her financial records and executed a power of attorney.  Respondent advised that he would forward the power of attorney to the IRS and try to negotiate a compromise on her behalf.

{¶ 6}  In the following months, however, the client continued to receive tax delinquency notices from the IRS, and that fall, she learned that the IRS had no record of respondent's power of attorney.  The client and her husband attempted to contact respondent by phone and in person, even going to a nightclub where respondent had once performed.  The couple never found respondent and in early 2007 gave up their search.

---

2. Respondent knew of the grievance because relator had hand-delivered a copy and a letter of inquiry to him during the investigation.  Respondent promised at that time to respond but never did.  He also promised to notify relator of his changed address, and when he did not, relator continued to send correspondence and notices to his last known addresses.  All went unanswered.

**{¶ 7}** Respondent later provided his case file for this client to relator; however, he never refunded any of his fees as unearned. His client resolved some of her disputes with the IRS but has been unable to afford another attorney.

**{¶ 8}** Respondent accepted this client's $5,000, failed to provide promised professional services, and then kept her money. He then failed in his duty to respond appropriately during the investigation of this wrongdoing. The board found that he thereby violated DR l-102(A)(4) and Prof.Cond.R. 8.4(c) (both prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1-102(A)(6) and Prof.Cond.R. 8.4(h) (both prohibiting a lawyer from engaging in conduct adversely reflecting on the lawyer's fitness to practice law), DR 6-101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter) and Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence and promptness in representing a client), DR 7-101(A)(1) and Prof.Cond.R. 1.2(a) (both prohibiting a lawyer from intentionally failing to seek the lawful objectives of his clients), DR 7-101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of professional employment), and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation). We accept these findings of misconduct. [3]

### Sanction

**{¶ 9}** In recommending a sanction for this misconduct, the board considered sanctions imposed in similar cases and weighed mitigating and aggravating factors to determine whether more lenient or exacting measures were warranted in respondent's case.

**{¶ 10}** The board concluded that an indefinite suspension is appropriate, applying the rule that "[a] lawyer's neglect of legal matters and failure to

---

3. The master commissioner and board both also found a violation of Prof.Cond.R. 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of pertinent legal affairs). Because relator did not charge this misconduct in the complaint, we do not accept this finding.

cooperate in the ensuing disciplinary investigation generally warrant[] an indefinite suspension from the practice of law in Ohio." See *Disciplinary Counsel v. Mathewson*, 113 Ohio St.3d 365, 2007-Ohio-2076, 865 N.E.2d 891, ¶ 19. The board found only one mitigating factor—respondent's lack of a prior disciplinary record, see BCGD Proc.Reg.10(B)(2)(a)—which was clearly outweighed by aggravating factors. Aggravating factors included respondent's failure to cooperate in the disciplinary process, his refusal to acknowledge the wrongful nature of his conduct, the serious harm he caused his vulnerable victim, and his failure to make restitution. See BCGD Proc.Reg. 10(B)(1)(e), (g), (h), and (i).

{¶ 11} Having found the cited misconduct and no objections having been filed, we accept the board's recommendation as to the sanction. Respondent is suspended from the practice of law in Ohio indefinitely. Pursuant to Gov.Bar R. V(10)(B)(1), he may not petition for reinstatement for two years from the date of our order.

{¶ 12} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Philip A. King, for relator.

_____