CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* SAYLER.

[Cite as *Cleveland Metro. Bar Assn. v. Sayler,*

125 Ohio St.3d 403, 2010-Ohio-1810.]

*Attorneys at law — Misconduct — Multiple violations of the Disciplinary Rules, the Rules of Professional Conduct, and the Rules for the Government of the Bar — Indefinite license suspension.*

(No. 2008-2381 — Submitted January 26, 2010 — Decided April 29, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-073.

_____

**Per Curiam.**

{¶ 1} Respondent, John L. Sayler of Lakewood, Ohio, Attorney Registration No. 0025452, was admitted to the practice of law in Ohio in 1981. In November 2002, we suspended respondent from the practice of law in Ohio for six months, with the entire suspension stayed upon the condition that he commit no further violation of the Disciplinary Rules, for failing to keep his clients' funds in an identifiable bank account and failing to appropriately account for those funds. *Cuyahoga Cty. Bar Assn. v. Sayler*, 97 Ohio St.3d 239, 2002-Ohio-5936, 778 N.E.2d 571. On May 16, 2006, we suspended respondent from the practice of law in Ohio for failing to comply with the continuing-legal-education ("CLE") requirements of Gov.Bar R. X. *In re Report of the Continuing Legal Edn. Comm.*, 109 Ohio St.3d 1464, 2006-Ohio-2403, 847 N.E.2d 443. Respondent has not been reinstated to the practice of law since the latter suspension and has not paid the sanctions imposed against him. He is currently listed as being on inactive status.

**{¶ 2}** In this case, the Board of Commissioners on Grievances and Discipline recommends that we indefinitely suspend respondent from the practice of law in Ohio based on its findings that he committed various disciplinary violations, including continuing to practice law while under suspension, failing to inform clients that he did not maintain professional-liability insurance, neglecting an entrusted legal matter, and failing to cooperate in a disciplinary investigation. We accept the board's findings of misconduct and agree that an indefinite suspension of his license to practice is appropriate.

**{¶ 3}** Relator, Cleveland Metropolitan Bar Association, filed a three-count complaint charging respondent with violations of the Disciplinary Rules, the Rules of Professional Conduct, and the Rules for the Government of the Bar. Respondent was served with a copy of the complaint but did not answer, and relator moved for default. The board referred the default motion to a master commissioner pursuant to Gov.Bar R. V(6)(F)(2), who prepared a report for the board's review. In December 2008, the board adopted the findings of fact, the conclusions of law, and the recommendation of the master commissioner and recommended that respondent be indefinitely suspended from the practice of law.

**{¶ 4}** Respondent filed objections to the board's findings of fact and recommendation in January 2009. In his objections, respondent noted that he "has a history of depression for which he has been under medical care for some 14 years, of which relator is aware, and while there has been no effect on his practice of law, there has been an inability to face and answer to these disciplinary proceedings." In response, relator filed a motion to remand the case to the board "to consider what effects, if any, Respondent's mental illness may have on his ability to practice law." We granted relator's motion and remanded the matter to the board for further proceedings. *Cleveland Metro. Bar Assn. v. Sayler*, 121 Ohio St.3d 1416, 2009-Ohio-1076, 902 N.E.2d 995.

**{¶ 5}** Relator then filed an amended three-count complaint charging respondent with violations of the Disciplinary Rules, the Rules of Professional Conduct, and the Rules for the Government of the Bar, and respondent answered. A hearing was held before a panel of the Board of Commissioners on Grievances and Discipline, and the parties had also stipulated to certain facts and misconduct. Relator recommends that respondent be indefinitely suspended from the practice of law, and respondent requests a lesser sanction.

**{¶ 6}** The panel found by clear and convincing evidence that respondent had committed misconduct and recommended that he be indefinitely suspended from the practice of law in Ohio, and the board adopted the panel's findings of fact, conclusions of law, and recommendation. The parties have not objected to the board's report and recommendation.

### Misconduct

*Count I*

**{¶ 7}** In October 2006, respondent was paid $500 to represent a client in a divorce case. Respondent had been suspended from the practice of law since the previous May, but did not inform his client about the suspension or that he did not have professional-liability insurance.

**{¶ 8}** In January 2007, respondent filed an answer on behalf of the client in the divorce case. For three months, the client attempted to contact respondent at least a half-dozen times, but respondent did not answer the client's messages. In April 2007, two months after respondent claimed that he first learned about his suspension, he filed a notice of withdrawal as counsel. The case was scheduled for trial the next day. Later, the client learned from his ex-wife that they had been divorced.

**{¶ 9}** We agree with the board that respondent's conduct violated DR 1-104(A) (requiring a lawyer to disclose to the client that the lawyer lacks professional-liability insurance) and 3-101(B) (prohibiting a lawyer from

practicing law in a jurisdiction where to do so would be in violation of the regulations of the profession in that jurisdiction), as well as Prof.Cond.R. 1.4(a)(3)[1] (requiring a lawyer to keep the client reasonably informed about the status of the matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

### Count II

**{¶ 10}** In 2005, a client paid respondent $200 towards a total fee of $500 for representation in a divorce. Respondent did not inform the client that he did not have professional-liability insurance.

**{¶ 11}** In May 2006, respondent filed a complaint for divorce on behalf of the client. The client's wife filed an answer that was sent to respondent by certified mail, but he did not sign for it. During his representation, respondent did not notify the client of his wife's filing of a motion for temporary support. Respondent did not attend a hearing on the motion, and in April 2007, he withdrew from the case. Respondent told the client that he was dropping the case because he had other obligations. He did not inform the client that his license to practice law had been suspended.

**{¶ 12}** We agree with the board that respondent's conduct violated DR 1-104(A) and 6-101(A) (prohibiting a lawyer from neglecting an entrusted legal matter).

### Count III

**{¶ 13}** On April 13, 2007, although relator sent respondent a letter by certified mail requesting his written response to the allegations contained in the

---

1. Relator charged respondent with misconduct under the applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Disciplinary Rules of the Code of Professional Responsibility.

grievance by the client in Count II, respondent did not sign for the letter. A second letter was sent by regular mail requesting a response to the grievance by May 14, 2007, but respondent did not submit one, despite being granted an extension until May 28, 2007, to do so. At the hearing, respondent testified that he did not respond because "[a]t that point [he] wanted to just basically wash [his] hands of it and take a break."

**{¶ 14}** We agree with the board that respondent's conduct violated Gov.Bar R. V(4)(G) (requiring a lawyer to assist in a disciplinary investigation) and V(6)(A)(1) (defining misconduct to include any violation of the Rules of Professional Conduct), as well as Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information from a disciplinary authority).

### Sanction

**{¶ 15}** In determining the appropriate sanction, the board found the following aggravating factors: respondent's previous disciplinary offenses and current CLE suspension, a pattern of misconduct, multiple offenses, and failure to cooperate in the disciplinary process. See the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.") 10(B)(1)(a), (c), (d), and (e). No mitigating factors are present. In particular, at the hearing before the board, respondent admitted that he was not relying on any claimed medical or mental deficiency to mitigate his misconduct:

**{¶ 16}** "I am not coming before this Board and pleading any medical or mental deficiency as I had in the prior case. I believe these are my responsibilities and I will address them. I am under medication for depression. I believe it controls my depression and I want to leave it at that."

**{¶ 17}** In a comparable case in which an attorney continued to practice law while on suspension for failing to comply with CLE requirements, we held

that "[w]hen lawyers continue to practice law despite the suspension of their licenses and then fail to cooperate in investigations of that misconduct, an indefinite suspension is warranted." See *Disciplinary Counsel v. Higgins*, 117 Ohio St.3d 473, 2008-Ohio-1509, 884 N.E.2d 1070, ¶ 15, and cases cited therein. Moreover, an attorney's neglect of entrusted legal matters and failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension. *Disciplinary Counsel v. Hoff*, 124 Ohio St.3d 269, 2010-Ohio-136, 921 N.E.2d 636, ¶ 10. As in *Higgins*, no mitigating evidence has been adduced to require "a less exacting sanction." Id. at ¶ 15. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, ACTING C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

The late CHIEF JUSTICE THOMAS J. MOYER did not participate in the decision in this case.

_____

K. Ann Zimmerman and Heather M. Zirke, for relator.

John L. Sayler, pro se.

_____