[Cite as *Disciplinary Counsel v. Meade*, 127 Ohio St.3d 393, 2010-Ohio-6209.]

DISCIPLINARY COUNSEL *v*. MEADE.

[Cite as *Disciplinary Counsel v. Meade*, 127 Ohio St.3d 393, 2010-Ohio-6209.]

*Attorneys at law — Misconduct — Failure to cooperate in disciplinary investigation — Failure to act diligently in representing client — Failure to deliver documents to former client — Indefinite suspension.*

(No. 2010-1494 — Submitted October 13, 2010 — Decided December 22, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-021.

_____

**Per Curiam**.

{¶ 1} Respondent, Karen Kaye Meade of Parkman, Ohio, Attorney Registration No. 0017600, was admitted to the practice of law in Ohio in 1983.

{¶ 2} On February 8, 2010, relator, Disciplinary Counsel, filed a six-count complaint charging respondent with professional misconduct involving the representation of clients and termination of that representation and misconduct arising from her failure to respond to five disciplinary grievances filed against her. Relator attempted to serve respondent with a copy of its complaint by certified mail at her home and post office box, but the letter addressed to her home was returned because she had no mail receptacle, and the letter addressed to her post office box was returned marked unclaimed. On March 12, 2010, the clerk of the Supreme Court of Ohio accepted service on respondent's behalf, in accordance with Gov.Bar R. V(11)(B). Respondent did not answer the complaint or otherwise appear in the proceeding, and relator moved for default pursuant to Gov.Bar R. V(6)(F).

{¶ 3} A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted relator's motion, making findings of

misconduct and recommending that respondent be indefinitely suspended from the practice of law. The master commissioner further recommended that respondent's reinstatement be conditioned upon proof from her treating medical professionals and the Ohio Lawyers Assistance Program ("OLAP") that she has followed all treatment recommendations and that she is able to return to the competent, ethical, and professional practice of law. The master commissioner also recommended that upon reinstatement, respondent be required to complete one year of monitored probation pursuant to Gov.Bar R. V(9). The board adopted the master commissioner's report in its entirety. For the reasons that follow, we adopt the board's recommendation and indefinitely suspend respondent from the practice of law in Ohio with reinstatement contingent upon the stated conditions.

## Misconduct

### Counts One, Four, and Six

{¶ 4} In March 2009, relator received a grievance from an attorney who represented one of respondent's former clients, alleging that respondent refused to provide him with the client's file. The following month, relator received a grievance from another attorney who represented a defendant in an action filed by respondent. That attorney questioned respondent's competency in light of the fact that she had listed the FBI, the CIA, and Radio Martinique as third-party plaintiffs in the suit against his client.

{¶ 5} In June 2009, assistant disciplinary counsel spoke with respondent to advise her of concerns about her mental health and general well-being and suggested that she contact OLAP. Respondent agreed to contact OLAP but never did so.

{¶ 6} Relator scheduled three separate times to depose respondent, but respondent never appeared. Respondent offered excuses for her failure to appear at the depositions, claiming that her vehicle was experiencing mechanical

problems and that a gag order in federal court prevented her from testifying about "Blackwater."

{¶ 7} Respondent was personally served with a subpoena requiring her to appear and be deposed on November 10, 2009, to answer questions about these grievances, as well as the grievances underlying Counts Two, Three, and Five, discussed below. On the morning of the scheduled deposition, respondent called to advise relator that she would not appear, because she wished to obtain legal counsel. Relator advised her that she had 30 days to obtain counsel and reschedule her deposition, and sent her a letter by certified and ordinary mail confirming that conversation. Although the certified letter was returned unclaimed, the letter sent by ordinary mail was not returned and is presumed to have been delivered, but respondent never contacted relator to reschedule her deposition.

{¶ 8} Based upon these facts, the master commissioner and board concluded, and we agree, that by failing to appear for her November 10, 2009 deposition and subsequently failing to reschedule the deposition, respondent violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation) with respect to these grievances.

*Count Two*

{¶ 9} In June 2009, an attorney who represented a landlord in an eviction proceeding against respondent filed a grievance questioning respondent's mental competency based upon her (1) inclusion of the FBI, the CIA, and Radio Martinique as third-party plaintiffs in the eviction action, (2) counterclaim for $650,000,000 in damages, (3) assertions that she worked for the FBI and CIA, (4) claims that people were improperly entering her home, tampering with her locks,

and accessing her computer,and (4) assertions that there were FBI and CIA files stored in her basement that represented a national security issue.

{¶ 10} On September 25, 2009, relator sent a letter of inquiry to respondent by certified mail. Although respondent signed for the letter, she did not submit a response. Other letters sent to respondent by certified mail were returned unclaimed.

{¶ 11} The master commissioner and board concluded that respondent's conduct violated Prof.Cond.R. 8.4(h) and Gov.Bar R. V(4)(G). We accept these findings of fact and misconduct.

*Counts Three and Four*

{¶ 12} In September 2009, another former client filed a grievance against respondent. Despite the fact that relator personally served respondent with a letter of inquiry regarding the grievance, respondent failed to respond. On June 2, 2010, relator moved the board to dismiss Count Three of its complaint, noting that the grievant no longer wished to pursue her grievance and had declined to provide an affidavit in support of the default motion. The board granted that motion. As discussed in Count One, however, the master commissioner and board found that respondent's conduct with respect to the November 10, 2009 deposition violated Prof.Cond.R. 8.4(h) and Gov.Bar R. V(4)(G).

*Counts Five and Six*

{¶ 13} A woman retained respondent to represent her in an immigration matter. In April 2009, the presiding immigration judge issued a decision ordering that the woman "be removed from the United States to Guyana." The client paid respondent $2,500 to appeal this removal order, but respondent missed the filing deadline by one day and the appeal was dismissed as untimely.

{¶ 14} The client retained new counsel and sent respondent a letter requesting that respondent forward her file to her new attorney. Respondent sent a letter advising that her new counsel could not receive a copy of her file at that

4

time. Although the client moved the immigration court to reopen her case, alleging that respondent had provided ineffective assistance of counsel, the immigration court denied that motion in December 2009. As of May 4, 2010, respondent had not refunded any of the $2,500 the client had paid for the appeal or provided her or her new counsel with a copy of her file.

{¶ 15} Based upon these facts, the master commissioner and board found that respondent's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence and promptness in representing a client), 1.16(d) (requiring a lawyer withdrawing from representation to take all reasonably necessary steps to protect the client's interest including delivering to the client all papers and property to which the client is entitled), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). And, as discussed in Count One, the master commissioner and board found that respondent's conduct with respect to the November 10, 2009 deposition violated Prof.Cond.R. 8.4(h) and Gov.Bar R. V(4)(G). We accept these findings of fact and misconduct.

### Sanction

{¶ 16} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 17} The evidence submitted with respondent's motion for default clearly and convincingly demonstrates that respondent has failed to cooperate in

multiple disciplinary investigations and that by failing to do so, she has engaged in conduct that adversely reflects on her fitness to practice law. Her failure to act with reasonable diligence and promptness resulted in the dismissal of her client's appeal of a deportation ruling. Further exacerbating this conduct, respondent failed to deliver the client's file to her new attorney, who sought relief from that judgment, alleging that the client had received ineffective assistance of counsel.

{¶ 18} As aggravating factors, the board found that respondent had engaged in multiple offenses, failed to cooperate in the disciplinary process, refused to acknowledge the wrongful nature of her conduct, and harmed vulnerable clients. BCGD Proc.Reg. 10(B)(1)(d), (e), (g), and (h). The board found that respondent's lack of a prior disciplinary record was a mitigating factor. BCGD Proc.Reg. 10(B)(2)(a). The board also recognized that respondent may have been a victim of child abuse and domestic violence and claimed to have had a parent who had been an alcoholic and who had committed suicide. However, it attributed little mitigating effect to those circumstances, noting that the record did not contain medical evidence to establish that respondent had been diagnosed with a mental disability or that any disability that might exist was causally related to her misconduct. See BCGD Proc.Reg. 10(B)(2)(g).

{¶ 19} Relator argued in favor of an indefinite suspension for respondent's misconduct. The master commissioner accepted this recommendation but stated that he would condition any reinstatement upon proof from respondent's treating medical professionals and OLAP that her mental-health problems have been resolved, that she has followed all treatment recommendations, and that she is able to return to the competent, ethical, and professional practice of law. The master commissioner recommended also that upon reinstatement, respondent be required to complete one year of monitored probation in accordance with Gov.Bar R. V(9). The board adopted this recommendation.

**{¶ 20}** We have previously recognized that neglect of an entrusted legal matter coupled with a failure to cooperate in the ensuing disciplinary investigation warrants an indefinite suspension. See, e.g., *Disciplinary Counsel v. Hoff*, 124 Ohio St.3d 269, 2010-Ohio-136, 921 N.E.2d 636, ¶ 10; *Cleveland Bar Assn. v. Davis*, 121 Ohio St.3d 337, 2009-Ohio-764, 904 N.E.2d 517, ¶ 17.

**{¶ 21}** Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable conduct, we adopt the board's recommended sanction.

**{¶ 22}** Accordingly, Karen Kaye Meade is indefinitely suspended from the practice of law in the state of Ohio. Any petition for reinstatement must include proof from respondent's treating medical professionals and OLAP that any mental-health issues have been resolved, that she has followed all treatment recommendations, and that she is able to return to the competent, ethical, and professional practice of law. Upon reinstatement, respondent shall complete one year of monitored probation in accordance with Gov.Bar R. V(9). Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Senior Assistant Disciplinary Counsel, for relator.

_____