COLUMBIANA COUNTY BAR ASSOCIATION *v.* LUTHER.

[Cite as *Columbiana Cty. Bar Assn. v. Luther,*

**133 Ohio St.3d 135, 2012-Ohio-4196.]**

*Attorney misconduct, including neglecting client matters, failing to reasonably communicate with clients, and failing to cooperate in the disciplinary investigations—Indefinite suspension.*

(No. 2012-0305—Submitted April 24, 2012—Decided September 19, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 11-087.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Richard Allen Luther, formerly of East Liverpool, Ohio, Attorney Registration No. 0020164, was admitted to the practice of law in Ohio in 1983. In a two-count complaint filed on October 10, 2011, relator, Columbiana County Bar Association, charged Luther with neglecting client matters, failing to reasonably communicate with his clients, failing to hold funds in his client trust account until a dispute over them was resolved, failing to promptly refund any unearned fee upon his withdrawal from employment, and failing to cooperate in the disciplinary investigations into the alleged misconduct.

**{¶ 2}** Although the Board of Commissioners on Grievances and Discipline attempted to serve the complaint on Luther by certified mail at multiple addresses, those mailings were returned marked "unable to forward," "no such number," or "unclaimed." On December 8, 2011, the board served the complaint on the clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). Luther did not answer or otherwise respond to the complaint, and relator moved for default. A master commissioner appointed by the Board of Commissioners on Grievances

and Discipline made findings of fact and misconduct and recommended that Luther be indefinitely suspended from the practice of law and be ordered to make restitution to the client affected by his misconduct. The board adopted the master commissioner's report in its entirety, and we adopt the board's report and recommendation.

**Misconduct**

{¶ 3} In Count One of its complaint, relator alleged that in representing client Vicki Diddle, Luther violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 1.15(e) (requiring a lawyer in possession of funds in which two or more persons claim an interest to hold those funds in his client trust account until the dispute is resolved), and 1.16(e) (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment). Relator further alleged that by failing to respond to its letters of inquiry involving the Diddle grievance, Luther violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation).

{¶ 4} The board found that the affidavits of Columbiana County Bar Association Certified Grievance Committee member Tad Herold and secretary Ron Vest constitute clear and convincing evidence that Luther received relator's letters of inquiry regarding the Diddle grievance and that he failed to respond to relator's investigation in violation of Prof.Cond.R. 8.1(b).

{¶ 5} But because the only evidence of the other alleged misconduct in the Diddle matter consists of a hearsay-filled affidavit by Herold, the board

2

recommends that we dismiss the charges alleging violations of Prof.Cond.R. 1.3, 1.4(a)(2) through (4), 1.15(e), and 1.16(e). *See* former Gov.Bar R. V(6)(F)(1)(b);[1] *Dayton Bar Assn. v. Sebree*, 104 Ohio St.3d 448, 2004-Ohio-6560, 820 N.E.2d 318, ¶ 9 (rejecting sworn statement of relator's investigator when the allegations of misconduct set forth in it appeared to have been gleaned entirely from conversations with the grievant rather than from the affiant's personal knowledge).

**{¶ 6}** We agree with the board's conclusions, and thus with respect to Count One, we find that Luther violated Prof.Cond.R. 8.1(b) and we dismiss the charges alleging violations of Prof.Cond.R. 1.3, 1.4(a)(2) through (4), 1.15(e), and 1.16(e).

**{¶ 7}** In Count Two of the complaint, relator alleged that Luther had committed the same rule violations as it alleged in Count One, but in relation to client Lori Guthrie. Based upon Guthrie's affidavit and the documentary evidence incorporated therein, the board found that in June 2010, Luther agreed to file a complaint for divorce on her behalf, and that by August 18, 2010, he had accepted $125 for his initial consultation, $2,675 for legal services, and an additional $299 for filing fees. Luther did not file a divorce complaint, but on October 13, 2010, Guthrie's husband did. Although the court scheduled a series of pretrial hearings, Luther attended only one, and he failed to appear at the final

---

1. Former Gov.Bar R. V(6)(F) provided:

> (1) Motion. A motion for default shall contain all of the following:
>   * * *
> (b) Sworn or certified documentary prima facie evidence in support of the allegations made.

64 Ohio St.3d XCVII. Recent amendments to Gov.Bar R. V(6) and the addition of Gov.Bar R. V(6a) have altered the procedure for obtaining default judgments in attorney-discipline proceedings initiated after August 1, 2012, to permit this court to impose interim default suspensions. Because this case was initiated prior to August 1, 2012, we apply the former version of the rule. *See* Gov.Bar R. XX(2)(LLLL).

divorce hearing on April 18, 2011. Throughout his representation, Luther failed to return numerous phone calls, and after Guthrie filed her grievance, Luther advised her that he would refund some of her money, but only if she dismissed her grievance.

{¶ 8} Based upon these facts, the board found that Luther had violated Prof.Cond.R. 1.3, 1.4(a)(2), (3), and (4), and 1.16(e) in his handling of the Guthrie matter. But because relator presented no evidence to prove that Luther had removed the money he had received from Guthrie from his trust account, the board recommends that we dismiss the charge that he violated Prof.Cond.R. 1.15(e).

{¶ 9} The board also found that the affidavits of grievance-committee member Herold and secretary Vest constitute clear and convincing evidence that Luther received relator's letters of inquiry regarding the Guthrie grievance and that he failed to respond to relator's investigations in violation of Prof.Cond.R. 8.1(b).

{¶ 10} We adopt these findings of fact and misconduct, and we dismiss the charge alleging a violation of Prof.Cond.R. 1.15(e).

### Sanction

{¶ 11} In imposing a sanction for attorney misconduct, we consider the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B)(1) and (2). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 12} The board did not find any mitigating factors in this case. Aggravating factors, however, include that Luther is currently under an attorney-registration suspension, *see In re Attorney Registration Suspension of Luther*, 130 Ohio St.3d 1420, 2011-Ohio-5627, 956 N.E.2d 310, he committed multiple offenses, and he failed to cooperate in the disciplinary process. *See* BCGD Proc.Reg. 10(B)(1)(a), (d), and (e). In light of these factors, relator and the board

recommend that Luther be indefinitely suspended for his misconduct. The board further recommends that any future reinstatement be conditioned upon his refund of any unearned fees to Guthrie.

**{¶ 13}** We have previously recognized that neglect of an entrusted legal matter coupled with a failure to cooperate in the ensuing disciplinary investigation warrants an indefinite suspension, and we agree with the board that an indefinite suspension is warranted in this case. *See, e.g., Disciplinary Counsel v. Hoff*, 124 Ohio St.3d 269, 2010-Ohio-136, 921 N.E.2d 636, ¶ 10; *Cleveland Bar Assn. v. Davis*, 121 Ohio St.3d 337, 2009-Ohio-764, 904 N.E.2d 517, ¶ 17; *Disciplinary Counsel v. Mathewson*, 113 Ohio St.3d 365, 2007-Ohio-2076, 865 N.E.2d 891, ¶ 19.

**{¶ 14}** Accordingly, Richard Allen Luther is indefinitely suspended from the practice of law in Ohio; he is further ordered to make restitution of the full $3,099 to Lori Guthrie within 30 days of the date of this order. Costs are taxed to Luther.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Timothy A. Barry, for relator.

_____