CLEVELAND METROPOLITAN BAR ASSOCIATION *v*. DAVIS.

[Cite as *Cleveland Metro. Bar Assn. v. Davis,*

133 Ohio St.3d 327, 2012-Ohio-4546.]

*Attorneys—Misconduct—Dishonesty, fraud, or misrepresentation—Conduct prejudicial to the administration of justice—Misuse of trust account—Failure to cooperate in disciplinary investigation—Disbarment.*

(No. 2012-0645—Submitted June 6, 2012—Decided October 4, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-094.

_____

**Per Curiam.**

{¶ 1} Respondent, Dwight E. Davis of Pepper Pike, Ohio, Attorney Registration No. 0029972, was admitted to the practice of law in Ohio in 1977. In January 2009, we suspended Davis's law license for failure to comply with continuing-legal-education ("CLE") requirements. In March 2009, we suspended Davis's license indefinitely for violating numerous provisions of the Code of Professional Responsibility and the Rules of Professional Conduct. *Cleveland Bar Assn. v. Davis,* 121 Ohio St.3d 337, 2009-Ohio-764, 904 N.E.2d 517. Then, as now, Davis failed to cooperate in the disciplinary process. We also suspended his license for his failure to register for the 2009/2011 biennium with the Office of Attorney Services of the Supreme Court. *In re Attorney Registration Suspension of Davis*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256. His license remains suspended.

{¶ 2} On October 10, 2011, relator, the Cleveland Metropolitan Bar Association, filed a two-count complaint with the Board of Commissioners on Grievances and Discipline. The complaint charged Davis with professional

misconduct based on his opening of a client trust account during his license suspension and depositing significant sums in it, even though he is prohibited from serving clients. Relator further alleged that Davis paid personal expenses out of the account and overdrew it twice. Relator asserted that this conduct violated Prof.Cond.R. 8.1(b) (requiring a lawyer to disclose information sought in a disciplinary matter), 8.4(c) (prohibiting a lawyer from engaging in dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting conduct that adversely reflects on the lawyer's fitness to practice law). Relator also charged Davis with violating Gov.Bar R. V(4)(G) (requiring the lawyer's cooperation in a disciplinary investigation).

{¶ 3} In investigating the complaint, counsel for relator made at least four attempts to contact Davis and discuss the allegations. Davis did not reply to any of these attempts, even though he accepted relator's hand-delivered letter directing that he close his client trust account and contact relator.

{¶ 4} The Board of Commissioners on Grievances and Discipline served Davis with the complaint, but he has never answered. The clerk of the Supreme Court of Ohio accepted service on respondent's behalf on November 18, 2011, in accordance with Gov.Bar R. V(11)(B). Davis again failed to respond, and on February 9, 2012, relator filed a motion for default, in accordance with Gov.Bar R. V(6)(F), supported by affidavits of relator's counsel, records of Davis's client trust account, and other materials.

{¶ 5} A master commissioner appointed by the board considered the materials accompanying the default motion, made findings of fact and conclusions of law, and recommends that Davis be disbarred. The board adopted the master commissioner's report and recommendation, and we agree that the evidence supports disbarment.

## Misconduct

{¶ 6}   Three weeks after we suspended Davis's law license in 2009, he opened a client trust account and deposited $11,190.46.   Six days later, he overdrew the account, but the bank did not notify disciplinary counsel.   The bank notified disciplinary counsel after a second overdraft on October 28, 2010. Suspecting that Davis was practicing law, disciplinary counsel asked relator to investigate.   Relator began by attempting to contact Davis and by subpoenaing Davis's bank's records.   The records show continual use of the account to pay personal expenses, including a golf-club fee and dog grooming.   Checks for thousands of dollars were written to an R. Elaine Davis.   By reviewing court records, relator discovered more than $22,000 in judgment liens against Davis. The master commissioner found that this conduct violated Prof.Cond.R. 8.1(b), 8.4(c), 8.4(d), and 8.4(h) as well as Gov.Bar R. V(4)(G).

## Sanction

{¶ 7}   When imposing sanctions for attorney misconduct, we weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B).   *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.   In making a final determination, we consider a number of factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases.   *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.   Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take all relevant factors into account in determining what sanction to impose.   BCGD Proc.Reg. 10(B).

{¶ 8}   The board found no mitigating factors but found five of the nine aggravating factors listed in BCGD Proc.Reg. 10(B)(1): prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses,

and lack of cooperation in the disciplinary process. *See* BCGD Proc.Reg. 10(B)(1)(a), (b), (c), (d), and (e).

{¶ 9} In recommending disbarment, the board first notes, "One of the purposes of the disciplinary rules that prohibit commingling of lawyer and client funds is to protect the client funds from the claims of creditors of the attorney. * * * In this case, when Respondent put his personal funds into an account entitled 'escrow account,' he improperly represented to his creditors that those funds were being held for a third party." *See also Disciplinary Counsel v. Mazer*, 76 Ohio St.3d 481, 668 N.E.2d 478 (1996). By establishing the escrow account, Davis engaged in the charged misconduct whether he was practicing law under suspension, deceitfully shielding his own funds from creditors, or both. Davis refused to cooperate in relator's investigation, and the documentary evidence showing misconduct is unrefuted.

{¶ 10} The board further noted that the presumptive penalty for practicing law with a suspended license is disbarment. *Disciplinary Counsel v. Koury*, 77 Ohio St.3d 433, 674 N.E.2d 1371 (1997). We agree that the facts and law support Davis's disbarment. Davis is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to Davis.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Squire, Sanders & Dempsey, L.L.P., Colin R. Jennings, and Kathleen M. Portman, for relator.

_____